IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY RASHAD JONES, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 16 C 11543 |
| SGT. MCCRAY, SHERIFF TOM DART, DIRECTOR JONES TAPIA, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Rodney Rashad Jones, Jr. ("Jones") has utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Section 1983") to charge Cook County Sheriff Tom Dart, Cook County Department of Corrections ("County Jail") Director Jones Tapia and County Jail Sergeant McCray with the asserted violation of Jones' constitutional rights. Jones has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

Because of the requirements that 28 U.S.C. § 1915 ("Section 1915") makes applicable to plaintiffs in custody, Jones' Application should have been accompanied by a printout of transactions in his trust fund account during his stay at the County Jail for the period ended with the date of "filing" of his Complaint.[1] But because he did not do that, this Court's law clerk had to obtain it from the County Jail's trust fund officer.

---

[1] Under the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), Jones' Complaint is considered to have been "filed" on December 19, 2016 (although Jones had dated both the Complaint and the Motion on November 30 and although both the Application and its
(continued)

With that having been done, this Court has calculated the average monthly deposit during the relevant time frame referred to in n. 1 to be $21.08 (see Section 1915(b)(1)(A)), 20% of which (id.) amounts to $4.22. Accordingly the County Jail trust fund officer is ordered to collect that amount from Jones' account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago, IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Jones may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Jones' name and the 16 C 11543 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

To turn to the Motion, Jones has failed to comply with our Court of Appeals' requirement that a pro se litigant seeking representation by a member of the District Court trial bar must first

---

(footnote continued)
certificate by the County Jail officer in charge of trust fund accounts bore December 6 dates, Jones' documents were not received in the Clerk's Office until December 21, and he has provided no explanation of the delay in transmittal). Because the partial printout of transactions in Jones' trust fund account that accompanies the Application shows that he has been in custody at the County Jail only since September 12, 2016, the period between that date and the "filing" date (rather than a full six-month period) is the relevant time frame for the Section 1915 calculation.

report on his or her effort or efforts to obtain representation on his or her own. But this is all that Jones has said in response to the Motion's key Paragraph 2 inquiry on that subject:

I have not reached out to any attorneys/organizations.

This Court is therefore transmitting three blank copies of the Motion form to Jones, coupled with a suggestion that he may wish to communicate with the "free legal hotline" ((312) 738-9200) of an agency known as "CARPLS," which may be able to refer Jones to a lawyer who can address the problem described in Jones' Complaint.[2] In any event, Jones should complete the new set of Motion forms and transmit one counterpart to the Clerk of the Court[3] and another to this Court[4] as a courtesy copy, the latter to enable this Court to rule on the Motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 6, 2017

---

[2] This Court has no personal experience in dealing with CARPLS, but it has received literature from that organization reflecting that it is supported by the Chicago Bar Foundation, the Illinois Bar Foundation and the Illinois Equal Justice Foundation. Even if the organization is unable to assist Jones in advising him as to obtaining counsel to represent him, simply communicating with it can enable Jones to fill out Paragraph 2 of the Motion form and return the filled-out form as the next sentence of the text directs, so that the services of a trial bar member may be obtained to assist him.

[3] Clerk of the Court, 219 South Dearborn Street, Chicago, IL 60604

[4] Honorable Milton I. Shadur, 219 South Dearborn Street, Suite 2388, Chicago, IL 60604