# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RODNEY RASHAD JONES, JR.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 11543 |
| | ) |
| **SGT. MCCRAY**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's January 6, 2017memorandum order ("Order I") addressed two shortcomings in the attempted effort by pro se prisoner plaintiff Rodney Rashad Jones, Jr. ("Jones") to bring a 42 U.S.C. § 1983 action charging Cook County Sheriff Tom Dart and two other defendants with the asserted violation of Jones' constitutional rights. Although Order I resolved one of those problems through the efforts of this Court's law clerk, the other problem -- that relating to Jones' Motion for Attorney Representation ( the "Motion") -- could not be resolved without further action by Jones himself.

As Order I stated, the fundamental problem with the Motion lay in this unacceptable statement by Jones in response to the Motion's key Paragraph 2 inquiry as to his effort to obtain representation on his own:

> I have not reached out to any attorneys/organizations.

In an effort to assist Jones, this Court concluded the Order with this paragraph (footnotes omitted):

> This Court is therefore transmitting three blank copies of the Motion form to Jones, coupled with a suggestion that he may wish to communicate with the "free legal hotline" ((312) 738-9200) of an agency known as "CARPLS," which may be

able to refer Jones to a lawyer who can address the problem described in Jones' Complaint. In any event, Jones should complete the new set of Motion forms and transmit one counterpart to the Clerk of the Court and another to this Court as a courtesy copy, the latter to enable this Court to rule on the Motion.

Because more than a month then elapsed without any response from Jones, this Court issued a brief memorandum order ("Order II") on February 10 that concluded with these two sentences:

> This Court cannot of course act on one litigant's behalf in its handling of an action on the merits. If then Jones fails to tender a new Motion in appropriate form on or before February 24, 2017, this Court would be constrained to dismiss this action for want of prosecution.

But as if to prove the saying that "no good deed goes unpunished," on February 21 the Clerk's Office received a newly filed Motion form that responded to that same key paragraph 2 with a simple "N/A" notation and went on to say that Jones had been unable to find an attorney because "Have not looked."

That's it. Jones' Motions (Dkt. Nos. 4 and 9) must be and are denied, and as forecast in Order II this action is indeed dismissed for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 24, 2017